**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**ROBERT EIGNER,**

                    **Plaintiff,**                    **REPORT AND**
                                                                  **RECOMMENDATION**

                    -against-                    22-CV-1255 (WFK)

**KVA TRUCKING LLC, et al.,**

                    **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On March 9, 2022, defendants Jose Arrubla and KVA Trucking LLC ("defendants") removed this action to federal court, citing diversity jurisdiction as the predicate for removal. See Notice of Removal (Mar. 9, 2022) ("Notice"), Electronic Case Filing ("ECF") Docket Entry ("DE") #1. For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County, for lack of jurisdiction.

**DISCUSSION**

      Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for a lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).

      In the Notice of Removal, defendants allege only that KVA Trucking LLC is a New

Jersey corporation with its principal place of business in New Jersey.  See Notice ¶ 3.  The Notice is deficient with respect to diversity of the parties because it fails to identify the citizenship of the individual defendant, Jose Arrubla.  Moreover, the defendant limited liability company has the citizenship of each of its individual members, which must be set forth in the notice of removal.  See Mackason v. Diamond Fin. LLC, 347 F.Supp.2d 53, 55-56 (S.D.N.Y. 2004).  As the Notice of Removal in this case lacks any information about the citizenship of the individual members of the defendant limited liability company, the Notice is deficient for this additional reason.  See Daversa v. Cowan Equip. Leasing, LLC, No. 20-CV-0163 (WFK), 2020 WL 1866585, at *2 (E.D.N.Y. Jan. 14, 2020) (recommending that the action be remanded *sua sponte* for lack of jurisdiction because diversity of citizenship was not properly alleged in that limited liability company was treated as if it were a corporation), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Henriquez v. NRT Transp. LLC, No. 19-CV-3320 (ARR), 2019 WL 3083161, at *2 (E.D.N.Y. June 25, 2019), adopted, 2019 WL 3081188 (E.D.N.Y. July 15, 2019).

In addition, the Notice of Removal provides an insufficient basis for concluding that the amount in controversy satisfies the jurisdictional threshold.  The complaint served on defendants does not contain an *ad damnum* clause and defendants do not cite to any allegation in the complaint to demonstrate that plaintiff seeks damages in excess of $75,000.[1]  See Notice ¶ 4.  Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that

---

[1] In fact, although defendants rely on the Police Accident Report to support their claim that plaintiff suffered "severe injuries" in the accident (Notice ¶ 4), the accident report states "No Injuries[,]" see DE #2 at ECF p. 14.

2

the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Queens County.

Any objections to this Report and Recommendation must be filed with the Honorable William F. Kuntz, II on or before **March 28, 2022**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**March 14, 2022**

/s/    *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**